# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

Anwarr Penniy
_Defendant_

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 13-20577

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
   ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
   ☐ an offense for which the maximum sentence is life imprisonment or death.
   ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____
   ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
   ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
   ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED AUG 12 2013
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

8/12/2013
_Date_

_Signature of Judge_
U.S. Magistrate Judge Mona K. Majzoub
_Name and Title of Judge_

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 _et seq._); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 _et seq._); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Anwarr Pennix Order of Detention

This is a presumption case. Defendant is charged by way of Indictment with Distribution of Controlled Substances (4 counts), Maintaining a Drug Premises, Felon in Possession of a Firearm, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime. Specifically Defendant is charged with four counts of distributing heroin on the Wayne State University campus.

Defendant is a 31 year old single man with one child; since the age of two he has been a life long resident of Detroit. He claims to have been living on the streets for the past five days, ever since his last residence, where he lived for two weeks, was searched. Before that he lived on Fullerton for a few months, and prior to that he lived on Curtis in Detroit.

Defendant has been employed part time as a delivery man for a catering service earning $200 a week for the past two years. He claims that he attended Henry Ford Community College in the fall of 2012 and owes $30,000 in outstanding student loans. He states that before working for Durden's Catering Service he worked for Premier Staffing Finders as a general laborer for five years. He has no assets and his sole monthly expense is his $100 cell phone bill.

Defendant admits to smoking marijuana regularly since the age of seventeen and also admits to snorting heroin on a daily basis from the age of 20.

Defendant has a long criminal history which qualifies him as a career offender. He is currently on supervised release on a state drug case and he is also awaiting trial on November 4, 2013 in Lorain County Ohio where he is charged with Trafficking in Drugs (oxycontin and marijuana), Schedule III, IV or V Drug Felony Possession of Drugs Schedule III, IV, V Substance Felony Possession of Drugs, Marijuana Misdemeanor. Defendant was caught on a traffic stop trying to smuggle marijuana into a prison facility.

Defendant was cited for 36 traffic violations from 2000 - 2011 which offenses include 22 failures to comply with traffic court judgments, and 13 failures to appear for court hearings.

The Government argues that the Indictment is sufficient to conclude probable cause under 18 USC 3142 (g) factors, and that the weight of the evidence is strong inasmuch as the investigation includes several controlled buys of heroin, surveillance, and a search warrant which was executed at Defendant's house and produced residency documents, 2 scales, glass and razor

blades for cutting heroin, a .45 caliber automatic pistol, loaded, and other items which are incriminating. Furthermore, Defendant fled the house at the time of the search in a car which resulted in a high speed chase which law enforcement officers had to abandon for purposes of the safety of the community. The Government also argues that the Defendant has been in hiding ever since the search which is why he says that he has been "living on the streets" for the past week. Defendant was told by two attorneys whom he contacted to turn himself in which he failed to do. Defendant was on the run for a week before being arrested.

Defendant is also charged in 3 felony homicide cases which were dismissed.

Defendant argues for a bond, asking that he be allowed to live with his extended family at the Birwood address under the third party custody of a family member, tethered. This Court finds that Third party custody is not appropriate in this case.

Pretrial Services concludes that Defendant is both a risk of flight and a danger to the community. This Court agrees.

Defendant's residence is and has been unstable. His prior failures to appear for court hearings and his prior failures to comply with court judgments, along with the absence of verifiable personal information, and that he fled and was on the run in this case, even after being advised by two attorneys whom he contacted that he should turn himself in, all substantiate by a preponderance of the evidence that he is a flight risk.

As to danger, this Defendant has been selling heroin and other drugs on the campus of Wayne State University if the allegations in the Indictment are proven. His past criminal record over the past 12 years is replete with similar drug related charges. Defendant has pending drug charges in Ohio which are very similar in nature to the charges in the instant case, which only underscores his continued illegal drug activities which pose a danger to any community in which he is living. The record establishes by clear and convincing evidence that Defendant has been a danger to the community for most of his adult life.

Defendant has failed to sufficiently rebut the presumption of detention. There is no condition or combination of conditions which would assure his appearance in Court or assure the safety of the community. Therefore Detention is Ordered.